```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BRUCE BULLARD,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>STATE OF NEW JERSEY,<br><br>　　　　　Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-07454 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Bruce Bullard, Plaintiff Pro Se
2011 Ferry Avenue, Apt. H-1
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

1. Plaintiff Bruce Bullard seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the State of New Jersey for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2. 28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against the State of New Jersey because Congress did not expressly abrogate sovereign immunity when it passed § 1983; and (2) dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. First, Plaintiff's claims against the State of New Jersey must be dismissed with prejudice based on the Eleventh Amendment to the United States Constitution, which provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Plaintiff may not bring a suit against the State in federal court unless Congress has expressly abrogated New Jersey's sovereign immunity or the State consents to being sued in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Here, Congress did not expressly abrogate sovereign immunity when it passed § 1983, *see id.*, and there is no indication New Jersey has consented to Plaintiff's suit. The claims against the State of New Jersey must be dismissed with prejudice.

5. Second, for the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to

state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii). The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

6. To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

7. Plaintiff alleges: "I had to sleep on the floor, had back pains, shoulder pains, [and] ansomia [*sic*]." Complaint § III(C).

8. Plaintiff states that these events occurred: "October 6, 2015 – November 13, 2015." *Id*. § III(B).

9. With respect to alleged injuries from these events, Plaintiff claims to have been "step[ped] on in the middle of the

3

night, got a cold, num[b]ness in my hands, got treated for cold, pain, an[x]iety." *Id.* § IV.

10. Plaintiff "would like to be compensated for what the courts fe[e]l is approp[r]iate, that's all." *Id.* § V.

11. Even accepting these statements as true for screening purposes only, there is not enough factual support for the Court to infer that a constitutional violation has occurred.

12. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse

4

conditions become excessive in relation to the purposes assigned to them.").

13. As Plaintiff may be able to amend the Complaint to address the deficiencies noted above, the Court shall grant Plaintiff leave to amend within 30 days of the date of this order.

14. In the event Plaintiff files an amended complaint, Plaintiff should include specific facts, such as the dates and length of confinement, whether Plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, and any other relevant facts regarding the conditions of confinement.

15. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and

explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[1] *Id.*

16.  For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

17.  An appropriate order follows.


**March 1, 2017**                    s/ Jerome B. Simandle
Date                                         JEROME B. SIMANDLE
                                             Chief U.S. District Judge

---

[1] The amended complaint shall be subject to screening prior to service.